UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEARTLAND ALLIANCE FOR HUMAN NEEDS & HUMAN RIGHTS d/b/a NATIONAL IMMIGRANT JUSTICE CENTER<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY *et al.*<br><br>　　　　　Defendants. | No. 1:16-cv-00211-RMC |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND
PLAINTIFF'S STATEMENT OF GENUINE MATERIAL ISSUES**

Plaintiff responds as follows to numbered paragraphs of Defendant's Statement of Undisputed Material Facts:

1. Plaintiff denies that "DHS located 2519 pages of draft reports, through November 4, 2016, related to Secure Communities statistical monitoring." The Declaration of James V. M. L. Holzer (ECF No. 31-2) indicates that a first *Vaughn* index covered the withholding of "1190 pages" (¶ 4) while four subsequent *Vaughn* indexes covered the withholding of "1258 pages in full and 65 pages in part" (¶5). Thus, the total number of pages was 2513.

4. Plaintiff denies that "[o]n March 31, 2016, DHS provided Plaintiff[] with 4 *Vaughn* indices detailing the reasons for withholding 1258 pages in full and 65 pages in part per 5 U.S.C. § 552(b)(5)." DHS provided Plaintiff with four *Vaughn* indexes on March 31, 2017.

37. Plaintiff denies that the withholdings by DHS of (i) the portions of the drafts that are tables with data and (ii) any portions of the drafts that are "metrics" (e.g., equations) "were made to prevent a potential chilling effect on the open and frank discussions of matters between

- 1 -

subordinates, and between subordinates and superiors, which would undermine the ability of CRCL, and in turn DHS, to perform its duties."

38.     Plaintiff denies that release of the requested portions of the withheld drafts, i.e. (i) the portions of the drafts that are tables with data and (ii) any portions of the drafts that are "metrics" (e.g., equations), "would pose a substantial risk of causing public confusion and harm to the agency." Defendant has not made any reasonable showing that release specifically of these requested portions would have such effects. Nor has Defendant made any reasonable showing that these requested portions "contain erroneous information and include reasoning and rationales that did not form the basis for a final agency action."

39.     Plaintiff denies that that release of the requested portions of the withheld drafts, i.e. (i) the portions of the drafts that are tables with data and (ii) any portions of the drafts that are "metrics" (e.g., equations), "would allow the public to determine the substance of the proposed and adopted changes thereby intruding upon the editorial process and stifling the exchange of ideas and candid discussions within DHS causing a chilling effect thereby hampering the Department's ability to encourage robust discussion amongst employees and possibly resulting in harm to the Department's mission." Defendant has not made any reasonable showing that release specifically of these requested portions would have such effects.

40.     Plaintiff denies that "CRCL made significant efforts to segregate non-exempt portions of documents from exempt portions in order to provide plaintiff[] with all responsive information not subject to FOIA exemptions." Plaintiff further denies that "reasonably segregable portions of the records were released to plaintiff[]." Among the 2513 pages of draft reports located and withheld by DHS, all pages were withheld in full except 65 pages of "comment matrices" which were released almost completely redacted. DHS did not segregate

and release any of the requested portions of the withheld draft reports, i.e., (i) the portions of the drafts that are tables with data and (ii) any portions of the drafts that are "metrics" (e.g., equations).

This record presents the following genuine issues of material fact:

1. Whether Defendant has carried its burden of establishing that the requested portions of the withheld draft reports, i.e., (i) the portions of the drafts that are tables with data and (ii) any portions of the drafts that are "metrics" (e.g., equations), are properly exempt from disclosure.

2. Whether Defendant has carried its burden of establishing that all reasonably segregable, non-exempt, non-privileged portions of the withheld documents that are (i) tables with data and (ii) "metrics" (e.g., equations) were released.

Dated:  May 12, 2017            Respectfully submitted,

/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
    Email:  watkins@adduci.com
Giang "James" T. Tonthat (D.C. Bar # 1031035)
    Email: ton-that@adduci.com
ADDUCI, MASTRIANI & SCHAUMBERG, LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 467-8647
Facsimile: (202) 466-2006

Of Counsel:
Mark M. Fleming*
    Email:  MFleming@heartlandalliance.org
HEARTLAND ALLIANCE FOR
HUMAN NEEDS & HUMAN RIGHTS
D/B/A NATIONAL IMMIGRANT JUSTICE CENTER
208 S. LaSalle St., Suite 1300
Chicago, IL 60604
Telephone: (312) 660-1628
Facsimile: (312) 660-1505

- 4 -

*moving for admission *pro hac vice*

*Attorneys for Plaintiff
Heartland Alliance for Human
Needs & Human Rights
d/b/a National Immigrant Justice Center*