UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**HEARTLAND ALLIANCE FOR**          )
**HUMAN NEEDS & HUMAN RIGHTS,**     )
                                    )
      **Plaintiff,**   )
                                    )
    **v.**                      )    Civil Action No. 16-211 (RMC)
                                    )
**UNITED STATES DEPARTMENT**        )
**OF HOMELAND SECURITY,** *et al.*, )
                                    )
      **Defendants.**  )
_____ )

## MEMORANDUM OPINION

The National Immigrant Justice Center (NIJC) brings this Freedom of Information Act (FOIA) lawsuit to challenge the adequacy of responses to its FOIA requests from the Department of Homeland Security (DHS) and its constituent agency, Immigration and Customs Enforcement (ICE). Following this Court's order on an earlier partial motion for summary judgment, DHS and ICE made supplemental productions of the requested statistical data and draft statistical reports. NIJC now challenges specific redactions made to the records. The parties filed renewed cross-motions for partial summary judgment. The Court will grant in part and deny in part both Defendants' motion for partial summary judgment and NIJC's motion for partial summary judgment. Defendants will be directed to provide the location-identifying data in the produced records, re-produce DHS's July 20, 2018 production in native format, and provide the Originating Agency Identifier and Contributing Agency Identifier codes in all produced records.

1

## I. BACKGROUND

The facts were described in detail in the Court's Memorandum Opinion on the parties' first cross-motions for partial summary judgment and will only be summarized and supplemented here. *See Heartland All. for Human Needs & Human Rights v. DHS*, 291 F. Supp. 3d 69, 74-76 (D.D.C. 2018). NIJC is a nonprofit entity through which the Heartland Alliance for Human Needs and Human Rights does business. It is "[d]edicated to ensuring human rights protections and access to justice for all immigrants, refugees, and asylum seekers." Am. Compl. [Dkt. 22] ¶ 4. "Secure Communities was an immigration enforcement program administered by ICE from 2008 to 2014," *id*. ¶ 7, and reinstituted in 2017, *see* Exec. Order No. 13,767, 82 Fed. Reg. 8,793 (Jan. 25, 2017), which allowed fingerprints collected by police to be provided "to the FBI for checks against various criminal justice databases" and to DHS to determine "which fingerprinted arrestees may be removable aliens." Ex. 6, Am. Compl. (DHS FOIA Request) [Dkt. 22-6] at 8.[1]

NIJC submitted requests under the Freedom of Information Act, 5 U.S.C. § 552 (2012), on March 14, 2014 to DHS and ICE regarding the Secure Communities program administered by ICE. *See* DHS FOIA Request; Ex. 12, Am. Compl. (ICE FOIA Request) [Dkt. 22-12].[2] Both FOIA requests asked for a variety of records pertaining to the Secure Communities program, including "all reports produced related to the Secure Communities Statistical Monitoring, including all draft reports and reports produced by contracted statistician(s)" and all underlying statistical data. Am. Compl. ¶ 21.

---

[1] All page citations to Exhibits to the Amended Complaint refer to the Electronic Case Filing (ECF) page number.

[2] DHS assigned the FOIA Request reference number 2014-CRFO-00027. Am. Compl. ¶ 23. ICE assigned the FOIA Request reference number 2014FOIA12739. *Id*. ¶ 32.

On February 8, 2016, NIJC filed the Complaint in this case challenging the adequacy of the agencies' response to the FOIA requests. *See* Compl. [Dkt. 1]. NIJC also submitted additional FOIA Requests to DHS and ICE on November 4, 2016 requesting the same types of records for the Priority Enforcement Program (PEP), a replacement program for Secure Communities which was in place from 2014 to 2016, and filed an Amended Complaint. *See* Am. Compl. ¶¶ 37-45; Ex. 19, Am. Compl. (DHS Second FOIA Request) [Dkt. 22-19]; Ex. 21, Am. Compl. (ICE Second FOIA Request) [Dkt. 22-21].

The parties agreed to focus on the reports and statistical data in hopes of resolving the case without extensive production. The Court, therefore, ordered Defendants to locate and produce all statistical monitoring reports and underlying data, or indicate in a *Vaughn* Index[3] the grounds for withholding each record. *See* 12/1/16 Order [Dkt. 20]. After those productions, both parties moved for partial summary judgment and, on January 31, 2018, the Court denied Defendants' motion and granted in part NIJC's motion. The Court required DHS and ICE to search for and produce all underlying data used in the draft statistical reports. *See* 1/31/18 Order [Dkt. 41]. For the next six months, DHS and ICE searched for and produced numerous records, including statistical data and draft reports regarding the data. The parties also conferred repeatedly and engaged in telephone conferences with the Court regarding challenges to some redactions made by DHS and ICE. In August 2018, the Court determined that the remaining disputes should be briefed through another round of cross-motions for partial summary judgment. *See* 8/2/18 Order [Dkt. 48]. Those motions are now ripe for decision.[4]

---

[3] *See Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973) (requiring agencies to prepare an itemized index correlating each withheld record, or portion thereof, with a specific FOIA exemption and the relevant part of the agency's nondisclosure justification).

[4] *See* Renewed Mot. for Partial Summ. J. [Dkt. 50]; Pl.'s Renewed Cross-Mot. for Partial Summ. J. [Dkt. 52]; Pl.'s Mem. in Opp'n to Defs.'s Renewed Mot. for Partial Summ. J. and in Supp. of

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is the typical vehicle to resolve an action brought under FOIA. *See McLaughlin v. DOJ*, 530 F. Supp. 2d 210, 212 (D.D.C. 2008). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 248.

### B. FOIA

FOIA requires federal agencies to release government records to the public upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b); *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007). In a FOIA case, a court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the

---

Pl.'s Renewed Cross-Mot. for Partial Summ. J. (NIJC Mot.) [Dkt. 52-5]; Mem. of P. & A. in Opp'n to Pl.'s Cross-Mot. for Summ. J. and in Reply to Pl.'s Opp'n to Defs.'s Mot. for Partial Summ. J. (Gov't Opp'n) [Dkt. 56]; Reply Mem. in Supp. of Pl.'s Renewed Cross-Mot. for Partial Summ. J. (NIJC Reply) [Dkt. 58].

affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). A defending agency in a FOIA case must show that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information. *See Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010), *aff'd sub nom. Sanders v. DOJ*, No. 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011).

### III.  ANALYSIS

The parties have whittled down the remaining objections to three issues: (1) redaction of location-identifying data; (2) production of records in non-native format; and (3) redaction of the Originating Agency Identifier (ORI) and Contributing Agency Identifier (CRI). NIJC does not object to DHS or ICE's searches or the withholding of any other information in the produced records.

**A. Location-Identifying Data**

DHS and ICE originally withheld location-identifying data in fields titled "Jurisdiction," "LEA," "city," "state," "county," and "FIPS number." In response to NIJC's first cross-motion for summary judgment, both DHS and ICE withdrew arguments regarding those withholdings and re-produced some documents containing those previously-redacted fields. *See* Gov't Opp'n at 2. NIJC notes in its reply that DHS and ICE have not re-produced all records with this information and asks the Court to order DHS and ICE to complete its production of the unredacted location-identifying data. Having withdrawn the arguments for withholding the

5

location-identifying data the Agencies have presented no reason to withhold it and the Court will order DHS and ICE to re-produce all records that have not yet been produced.

### B. Native Records

NIJC objects to DHS's July 20, 2018 production, which was made in non-native, PDF format. NIJC Mot. at 4. FOIA requires:

> In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section.

5 U.S.C. § 552(a)(3)(B). NIJC requested records that "can be accessed, searched, and displayed in a manner comparable to an [DHS Office for Civil Rights and Civil Liberties (CRCL)] user," DHS FOIA Request at 2; ICE FOIA Request at 2, and "[w]here data is to be disclosed, to the extent possible, please produce native files (e.g., Excel spreadsheets)." DHS Second FOIA Request at 7; ICE Second FOIA Request at 6. DHS does not address this argument in its opposition to NIJC's motion and offers no explanation for why the records were not "readily reproducible" in the native format. The Court will order DHS to re-produce the records included in the July 20, 2018 production in native format.

### C. ORI and CRI Redactions

DHS and ICE withheld ORI and CRI codes under Exemption 7(E), arguing the information was obtained during law enforcement activity and disclosure would "increase the risk of law violations or the ability to evade law enforcement consequences." Gov't Opp'n at 2. Specifically, ORI and CRI codes are "unique identifiers/computer codes" assigned to law enforcement organizations, which DHS and ICE argue could be used to "provide unauthorized access to specific terminals on a secured law enforcement network." *Id*. at 2-3. DHS and ICE

state that the codes are not generally known to the public. *Id*. at 3. NIJC responds and refutes DHS and ICE's statements that the codes are not publicly known by pointing to numerous directories available on the internet, including lists on the website of the National Criminal Justice Reference Service. *See* NIJC Reply at 5-9.

Exemption 7(E) protects the disclosure of law enforcement records[5] that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). "Exemption 7(E)'s requirement that disclosure risk circumvention of the law 'sets a relatively low bar for the agency to justify withholding.'" *Public Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary and Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 204-05 (D.C. Cir. 2014) (quoting *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011)). "To clear that relatively low bar, an agency must demonstrate only that release of a document might increase the risk 'that a law will be violated or that past violators will escape legal consequences.'" *Id*. at 205 (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)).

The Court first notes that the ORI and CRI codes themselves are neither "techniques and procedures for law enforcement investigations" nor "guidelines for law enforcement investigations." 5 U.S.C. § 552(b)(7)(E). DHS and ICE argue that disclosure might allow individuals to circumvent the law or access records, but the fact that the codes are publicly

---

[5] Law enforcement records include both criminal and civil investigatory and non-investigatory materials. *See Tax Analysts v. IRS*, 294 F.3d 71, 79 (D.C. Cir. 2002); *North v. Walsh*, 881 F.2d 1088, 1098 (D.C. Cir. 1989); *Rural Hous. All. v. USDA*, 498 F.2d 73, 81 & n.46 (D.C. Cir. 1974), *suppl. op.* 511 F.2d 1347 (D.C. Cir. 1974). DHS and ICE were responsible for monitoring the use of data in the Secure Communities and PEP programs and the internal investigation that resulted in the records at issue was one into the success or possible misuses of the programs.

7

available on multiple websites, including those of federally-funded organizations, is "contrary evidence" that refutes this concern. *Military Audit Project*, 656 F.2d at 738. While withholdings under Exemption 7(E) must only meet a very low bar, the Court cannot find that release of already publicly-available information under these FOIA requests might increase the risk of law violations or able violators to escape detection. DHS and ICE will be required to re-produce all records that include ORI and CRI fields without those redactions.

### D. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after redacting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See* 5 U.S.C. § 552(b); *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). A court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (citing *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)). To demonstrate that all reasonably segregable material has been released, the agency must provide a detailed justification rather than conclusory statements. *See Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

With the exception of the location-identifying data and the ORI and CRI codes, the Court finds that DHS and ICE have adequately explained that the records were carefully reviewed and any non-exempt, reasonably segregable material was provided. *See* Decl. of Fernando Pineiro [Dkt. 50-2] ¶¶ 59-60 ("My staff, under my supervision, has reviewed each record line-by-line to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied. With respect to the records that were released in part, all information not exempted from disclosure . . . was correctly segregated and non-exempt portions

were released."); Suppl. Decl. of James V.M.L. Holzer [Dkt. 50-3] ¶ 62 ("In processing the records described above, DHS made significant and organized efforts to segregate non-exempt portions of documents from exempt portions in order to provide plaintiff with all responsive information not subject to FOIA exemptions. . . . Each responsive record was reviewed page by page, and line by line. Based upon that review, the documents were redacted and the redacted versions released to plaintiffs. Responsive records that contained no FOIA exemptions were released in their entirety. As a result of the review and redaction process any reasonably segregable portions of the records were released to plaintiff.").

## IV.  CONCLUSION

For the reasons discussed above, DHS's Motion for Partial Summary Judgment, Dkt. 50, will be granted in part and denied in part and NIJC's Cross-Motion for Partial Summary Judgment, Dkt. 52, will be granted in part and denied in part. Defendants shall provide the location-identifying data in all produced records, re-produce DHS's July 20, 2018 production in native format, and provide the Originating Agency Identifier and Contributing Agency Identifier codes in all produced records. As conceded by NIJC, all other withholdings are proper. A memorializing Order accompanies this Memorandum Opinion.

Date: July 29, 2019

ROSEMARY M. COLLYER
United States District Judge